**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-2174-WJM-GPG

BARRY ALAN SULLIVAN, and
JENNIFER DIESMAN SULLIVAN,

    Plaintiffs,

v.

EBNER REAL ESTATE, LLC d/b/a SIGNATURE PROPERTIES
EBNER & ASSOCIATES a/k/a EBNER & ASSOCIATES SIGNATURE PROPERTIES, a
Colorado Limited Liability Company, and
JESSE EBNER, individually,

    Defendants.

---

**JOINT STATUS REPORT**

---

    Plaintiffs and Defendants, through their undersigned counsel, submit the following Joint Status Report as required by the Court's minute order of October 1, 2020. Per the Court's order, the parties have conferred regarding the initial discovery matters discussed at the Scheduling Conference held on October 1, 2020, and resolved some of the disputed issues. The parties submit the following statement of their respective positions on the remaining issues pertaining to initial disclosures:

1

Plaintiffs' position:

Plaintiffs contend that they have complied with Rule 26(a)(1) by timely providing a "description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses. . . ."

Plaintiffs further contend that they have complied with Rule 26(a)(1) with respect to their computation of damages at this early stage of the case by providing the following in their Rule 26(a)(1) disclosures (underlined language denotes revisions made in Plaintiffs' First Supplemental Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1))[1]:

The following are Plaintiffs' likely categories of damages:

1. The difference in the actual value of the subject property at the time of purchase and the <u>value as of the date of trial</u> if it were in the condition as represented (this category is currently estimated to be in a range from $220,000 to $580,000, subject to further analysis <u>and expert report and testimony</u>); and

2. The cost to Plaintiffs of putting the property in the condition that would bring it into conformity with the value of the property as it was

---

[1] Although Plaintiffs included the above description in their Rule 26(a)(1) disclosures, they did not include it in the proposed Scheduling Order submitted to the Court in advance of the October 1, 2020 Scheduling Conference. Plaintiffs remedied this oversight by setting forth their damages computation in the revised Proposed Scheduling Order submitted to the Court on Monday, October 5, 2020.

represented, if possible (this category is currently estimated to be in a range from $40,000 to $100,000, subject to further analysis and developments).

Accordingly, it is the position of the Plaintiffs that the additional Scheduling Conference set for Thursday, October 8, 2020 is unnecessary.

Defendants' position:

The Plaintiffs' Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) and First Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) are not in compliance with Rule 26(a)(1) and Rule 1.  See **Exhibits A and B**.  The first issue is that the Plaintiffs have not produced a copy of all documents in the Plaintiffs' possession, control or custody.  The parties agreed during the Rule 26(f) conference that they would produce copies of the disclosed documents.  The parties agreed to make their Rule 26(a)(1) disclosures on September 23, 2020.  Plaintiffs provided their disclosures on September 24, 2020, including a document share link to some of the documents in the Plaintiffs' possession, custody or control with the promise of "[a]dditional documents will follow."  See **Exhibit C**, Correspondence from Jennifer Sullivan, Esq., to Defense Counsel, Sept. 26, 2020.  The Plaintiffs' Initial and Supplemental Disclosures also represented that "The documents are being collected, reviewed and Bates numbered, and *will be produced* on a rolling basis as they are prepared for disclosure."  See **Exhibit A**, p.4, (emphasis added) and **Exhibit B**, p. 4 (emphasis added).

Defendants agreed to provide Plaintiffs with copies of the documents per the agreement reached during the Rule 26(f) conference and in the spirit of Rule 1's guidance in order "to secure the just, speedy and inexpensive determination" of this action and light of the ongoing pandemic. Defendants have kept their word. Plaintiffs have not followed through with respect to providing copies of their disclosed documents as agreed to in the Rule 26(f) conference and as represented in their emails and in the disclosures themselves. If the Plaintiffs did not intend to produce the documents in their possession, control and custody, they should have been upfront with the Defendants about their intentions so that the Defendants could have taken necessary and appropriate action. The Defendants feel they have been duped into relying on the representations of the Plaintiffs.

The remaining issues with the Plaintiffs' initial and supplemental disclosures are that:

1. The stated location of the documents, Hawaii, is improperly vague as it does not identify where the Defendants may go to inspect and obtain copies of the documents;
2. The descriptions of the documents are vague and does not allow for sufficient identification, including a lack of bates label numbers or range of numbers;
3. There is no designated time by which the documents will be produced but rather on an ambiguous "rolling basis"; and

4. The Plaintiffs' damage computation is insufficient because it simply gives a range of dollar figures, there is no actual computation and it does not describe, produce or make available the documents or other evidentiary materials or, if those items are privileged or protected, a privilege log, on which each computation is based.

The Defendants respectfully request an Order as follows:

A. The Plaintiffs are compelled to provide copies of the documents and materials in the possession, control and custody of the Plaintiffs; or, in the alternative,

B. The Plaintiffs will be responsible for the cost of a third party service selected by the Defendants for the inspection and copying of the disclosed documents; and

C. The Plaintiffs will provide a complete and current Rule 26(a)(1) disclosure with a detailed list of documents, electronically stored information and tangible things, by name and bates label number ranges, and a specific computation of damages with a calculation showing the basis and support for the calculation and that also identifies the supporting documents and evidentiary material, unless privileged or protected, in which case the Plaintiffs will provide a privilege log identifying each document or evidentiary material, the privileged item by name, the creator of each item, the date the item was prepared, all recipients, and the legal authority for the privilege.

DATED: the 6th day of October 2020.

                                        Respectfully submitted,


s/ *Neal Cohen*                                         s/ *James M. Meseck*
Neal Cohen                                              James M. Meseck
Jennifer L. Sullivan                                    E. Catlynne Shadakofsky
Sullivan Cohen LLC                                      White and Steele, P.C.
1495 Canyon Boulevard                                   600 17th Street, Suite 600N
Boulder, CO 80302                                       Denver, CO 80202-5406
Telephone: (303) 835-4993                               Telephone: 303-296-2828
Email: neal@sullcoh.com                                 Email:  jmesek@wsteele.com
       jennifer@sullcoh.com                                     cshadakofsky@wsteele.com
*Attorneys for Plaintiffs*                              *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October, 2020 I filed the foregoing Joint Status Report with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties through their counsel of record as reflected in the signature blocks above.

*s/ Jennifer L. Sullivan*
Jennifer L. Sullivan
Sullivan Cohen LLC
1495 Canyon Blvd.
Boulder, Colorado 80302
Telephone: 303-835-4993
Email: Jennifer@sullcoh.com
*Attorneys for Plaintiffs*