**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:20-cv-2174-WJM-GPG

BARRY ALAN SULLIVAN and
JENNIFER DIESMAN SULLIVAN,

v.

EBNER REAL ESTATE, LLC d/b/a SIGNATURE PROPERTIES EBNER & ASSOCIATES a/k/a EBNER & ASSOCIATES SIGNATURE PROPERTIES, a Colorado Limited Liability Company, and JESSE EBNER, individually,

Defendants.
_____

**STIPULATED PROTECTIVE ORDER**
_____

Plaintiffs Barry Alan Sullivan and Jennifer Diesman Sullivan ("collectively "Plaintiffs"), by and through their attorneys of record, Sullivan Cohen LLC, and Defendants Ebner Real Estate, LLC d/b/a Signature Properties Ebner & Associates a/k/a Ebner & Associates Signature Properties ("Ebner Real Estate") and Jesse Ebner ("Mrs. Ebner") (collectively the "Defendants"), by and through their attorneys of record, White and Steele, P.C., move for the entry of this Stipulated Protective Order.

1.    Plaintiffs have requested, among other documents, contracts associated with real estate transactions unrelated to the subject transaction.

2.    Redacted versions of some contracts have been produced with the understanding that they will be handled in accordance with the terms of .this Protective Order.  For purposes of this Protective Order, the contracts and the information contained therein are referred to as "Confidential Information."

3. The parties agree that the disclosure of Confidential Information, such as the identity, financial, tax, and other sensitive information, of individuals not involved in or who have no knowledge pertaining to the claims and defenses of this case could result in injury to their privacy interests.

4. The parties may use the Confidential Information only in this case.

5. The parties anticipate that Confidential Information will be the subject of questioning at depositions, discovery, written motions, and trial, among other uses.

6. The party producing Confidential Information shall mark each page of each such document as "CONFIDENTIAL."

7. If the Confidential Information is discussed during a deposition, these portions of the deposition shall be designated as "CONFIDENTIAL." Admissibility of the designated Confidential Information will be reserved for and addressed at trial. It is agreed that the failure of any party to object at the deposition or at the time of the testimony discussing Confidential Information does not waive the right of any party from designating those portions of the deposition as confidential no later than 30 days after the deposition transcript is completed.

8. Confidential Information shall not be given, shown, made available, produced, or communicated in any way by the party to whom it is produced to anyone other than:

    a. The parties, counsel of record for the parties, and attorneys, clerks, legal assistants, support staff in their firms and document management vendors engaged by a party or counsel of record;

    b. Officers, managerial or executive employees of any party, and other employees of any party who monitor litigation or make settlement decisions;

      c. The Court and its staff;

      d. Consultants and experts retained to assist in preparation for trial or settlement and the office staffs of such consultants and experts;

      e. Court reporters and witnesses in the course of and to the extent necessary to conduct depositions, but witnesses who are not within the scope of any other provision of this Paragraph 8 may not be permitted to retain copies of Confidential Information shown to them in the deposition; and

      f. Such other persons as may be necessary to conduct the trial of this action, as ordered by the Court or agreed by the parties.

9. The parties and other people to whom Paragraph 8 permits disclosure of Confidential Information shall not use or communicate it for any purpose other than the trial, preparation for trial, and settlement of this action.

10. There shall be no reproduction of Confidential Information except that, as required in the course of litigation, copies, excerpts, or summaries may be shown or given to those persons authorized by Paragraph 8 to receive the Confidential Information.

11. Confidential Information required to be filed with the Court shall be filed accordance with the applicable rule of this Court.

12. With respect to the use of Confidential Information at trial or other hearing, the parties shall meet and confer beforehand to reach an agreement as to the confidentiality of information to be used. If necessary, the parties also will attempt to develop a method for maintaining the confidentiality of such documents, information, and tangible items.

13. The inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with this Order.

14. By agreeing to the entry of this Protective Order, the parties do not waive objections or adopt any position as to the authenticity or admissibility of documents produced subject to it. The parties expressly state that entry of this Protective Order is not intended in any way to waive any objections or otherwise admit the potential relevance or discoverability of any document or other material. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. Within thirty (30) days after the final resolution of this action, including all appeals, the parties shall return to the producing party all Confidential Information and all copies of Confidential Information that they possess or that they have provided to others authorized by Paragraph 8, or provide written confirmation that all Confidential Information has been permanently deleted in all electronic forms and all hard copies have been destroyed.

Respectfully submitted this 26th day of January, 2021.

> s/ *James M. Meseck*
> James M. Meseck
> E. Catlynne Shadakofsky
> White and Steele, P.C.
> 600 17th Street, Suite 600N
> Denver, Colorado 80202-5406
> Telephone:  303-296-2828
> Email:  jmeseck@wsteele.com
>             cshadakofsky@wsteele.com
> *Attorneys for Defendants*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 26, 2021, a true and correct copy of the foregoing was e-served via CM-ECF to the following:

Neal Cohen
Jennifer Sullivan
SULLIVAN COHEN LLC
1495 Canyon Boulevard
Boulder, CO  80302
E-Mail:  neal@sullcoh.com
jennifer@sullcoh.com
*Attorneys for Plaintiff*

> *s/ Charlene Falk*
> For White and Steele, P.C.