IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:20-cv-2174-WJM-GPG

BARRY ALAN SULLIVAN and
JENNIFER DIESMAN SULLIVAN,

v.

EBNER REAL ESTATE, LLC d/b/a SIGNATURE PROPERTIES EBNER & ASSOCIATES a/k/a EBNER & ASSOCIATES SIGNATURE PROPERTIES, a Colorado Limited Liability Company, and JESSE EBNER, individually,

Defendants.

___

**DEFENDANTS' MOTION FOR LEAVE TO AMEND
ANSWER TO AMENDED COMPLAINT**
___

Defendants Ebner Real Estate, LLC d/b/a Signature Properties Ebner & Associates ("Ebner Real Estate") and Jesse Ebner ("Mrs. Ebner"), through counsel of White and Steele, P.C., bring this Motion for Leave to Amend their Answer to Plaintiffs' Amended Complaint, and in support, state as follows:

**INTRODUCTION**

Defendants' Answer to Plaintiffs' Amended Complaint contains responses that could be wrongly construed as Defendant Jesse Ebner admitting making representations of fact rather than statements of opinion regarding the alleged historic designation of the subject Property.  As reflected elsewhere in Defendants' Answer to Plaintiffs' Amended Complaint, including the affirmative defense that "The alleged misrepresentations were statements of opinion, predictions of future events, or puffery for which no action lies," Answer at 18 ¶ 17, Defendants preserved their position.  In some instances, Defendants were admitting to the content of the emails

identified in the allegation and overlooked the distinct allegation that the representation was characterized as one of fact. Defendants file this Motion for Leave to Amend their Answer to Plaintiffs' Amended Complaint to clarify inconsistencies and bring the pleadings into conformance with the facts.

## LEGAL STANDARD

Granting leave to amend a pleading is within the Court's discretion. *Llacua v. W. Range Ass'n*, 930 F.3d 161, 1189 (10th Cir. 2019); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Federal Rules of Civil Procedure Rules 15(a) and 16(b)(4) permit leave to amend pleadings to correct the mistaken admission that Mrs. Ebner made representations of fact rather than representations of opinion.

"Except when an amendment is pleaded as a 'matter of course,' as defined by the rule, 'a party may amend its pleading only with the opposing party's written consent or with court's leave.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)). The Court "should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 exists "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)); *accord Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendants seek leave to Amend their Answer to Amended Complaint after expiration of the deadline for amending pleadings as provided in the Court's Scheduling Order. Rule 16(b)(4) allows a scheduling order to "be modified only for good cause and with the judge's consent." This good-cause standard is satisfied when the moving party shows "that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quotation omitted). This may be demonstrated if a party "learns new information through discovery or if the underlying law has been changed." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Carelessness is not enough. *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Wide discretion has been afforded to district courts in applying Rule 16. *Bylin*, 568 F.3d at 1231.

Considering these rules together, it can be said that Rule 16(b)(4) imposes a more stringent standard than that for amending a pleading under Rule 15. However, district courts often analyze a motion to amend a pleading after expiration of the deadline for amending pleadings under both Rule 15(a)(2) and Rule 16(b)(4). *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015).

## MOTION

Pursuant to Rule 15(a)(2), counsel for Defendants sought written consent of Plaintiffs to amend their Answer to Amended Complaint. Plaintiffs reserve all rights to object to the proposed amendments and will respond with their position at the appropriate time. Because Plaintiffs do not at this time agree to the amendments, Defendants seek leave of this Court to amend their Answer pleading pursuant to this Court's authority and directive to "freely grant

3

leave when justice so requires" and when such leave is not a result of undue delay or create undue prejudice to the opposing party. Here, the amendments Defendants seek to make to their Answer to the Amended Complaint are merely to clarify inconsistencies and update the pleading to reflect the facts established through discovery. Defendants recently discovered the inconsistencies recently when reviewing the pleadings in preparation for Mrs. Ebner's deposition. As demonstrated in her testimony, the representations she made about the subject Property were statements of opinion, not statements of fact. Defendants are not asserting a new theory of the case, as demonstrated by the admissions, denials, and affirmative defenses provided in the Answer. Although the deadline to amend pleadings expired on November 1, 2020, Scheduling Order ¶ 9.a, Defendants' request for leave to amend at this juncture is not the result of undue delay or gamesmanship. Thus, Defendants request that this Court rely on the language and spirit of Rule 15 and allow the amendments.

Moreover, allowing Defendants to amend their Answer to Plaintiffs' Amended Complaint will not prejudice Plaintiffs. Prejudice typically exists when the amendment "unfairly affects" the nonmoving party's preparation of their response to the amendment. "Most often, this occurs when the amended claims [or defenses] arise out of a subject matter different from what was set forth in the complaint [or answer] and raise significant new factual issues." *Minter*, 451 F.3d at 1208. Here, Plaintiffs are not prejudiced by the amendments to Defendants' Answer. As previously stated, the amendments clarify Defendants' position regarding Mrs. Ebner's representations to be consistent throughout. Defendants' Answer stated in several places that Mrs. Ebner's statements were those of opinion, including their 17th affirmative defense. Plaintiffs are aware of Defendants' theory and defenses in this case, from the admissions,

4

denials, and defenses raised in their Answer and through Mrs. Ebner's deposition testimony. Plaintiffs will not be prejudiced if Defendants are permitted to amend their Answer to clarify and make consistent Defendants' position throughout the pleading. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of prejudice because the amended "claims track the factual situations set forth in [the original] claims"). To the extent they will be prejudiced, however, the prejudice can be cured through remaining discovery. Defendants, therefore, request that this Court allow the amendments under Rule 15.

Rule 16(b)(4) also permits leave to amend by extending a deadline in the scheduling order when good cause is shown. Good cause exists to explain the delay in amending Defendants' Answer. The inconsistencies and oversights in addressing the minor points of some allegations in the Amended Complaint were identified only last week in preparing for Mrs. Enber's deposition, which occurred on January 28, 2021. Reviewing admissions, denials, and affirmative defenses is essential for a party or witness to give accurate and truthful deposition testimony. The response and defense that Mrs. Ebner's representations were opinions were included in the Answer, but not consistently throughout. The corrective action requested here is based on a good faith effort to clarify the statements previously made and bring the pleading into conformance with the evidence. These errors should be permitted to be corrected because counsel is taking prompt action upon identifying the inconsistencies.

## CONCLUSION

Because the Court has discretion to afford "wide latitude" in managing scheduling orders and granting leave to amend pleadings, Defendants respectfully request that the Court consider the totality of the circumstances warranting these amendments regarding the characterization of

5

Mrs. Ebner's representations as ones of opinion and not fact and grant their request for leave to amend their Answer to Plaintiffs' Amended Complaint.

Pursuant to D.C. Colo. L. Civ. R. 15.1(b) and Judge Martinez's Practice Standards, Section III.E., a clean copy and a redlined copy of the proposed Amended Answer to Amended Complaint are attached as **Exhibits A and B**.

Respectfully submitted this 5th day of February, 2021.

s/ *E. Catlynne Shadakofsky*
James M. Meseck
E. Catlynne Shadakofsky
White and Steele, P.C.
600 17th Street, Suite 600N
Denver, Colorado 80202-5406
Telephone:  303-296-2828
Email:  jmeseck@wsteele.com
            cshadakofsky@wsteele.com
*Attorneys for Defendants*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 5, 2021, a true and correct copy of the foregoing was e-served via CM-ECF to the following:

Neal Cohen
Jennifer Sullivan
SULLIVAN COHEN LLC
1495 Canyon Boulevard
Boulder, CO  80302
E-Mail:  neal@sullcoh.com
jennifer@sullcoh.com
*Attorneys for Plaintiff*

s/ *Charlene Falk*
For White and Steele, P.C.

6