# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:20-cv-2174-WJM-GPG

BARRY ALAN SULLIVAN and
JENNIFER DIESMAN SULLIVAN,

v.

EBNER REAL ESTATE, LLC d/b/a SIGNATURE PROPERTIES EBNER & ASSOCIATES a/k/a EBNER & ASSOCIATES SIGNATURE PROPERTIES, a Colorado Limited Liability Company, and JESSE EBNER, individually,

Defendants.

---

**DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

---

Defendants Ebner Real Estate, LLC d/b/a Signature Properties Ebner & Associates a/k/a Ebner & Associates Signature Properties ("Ebner Real Estate")  and Jesse Ebner ("Ms. Ebner") (collectively the "Defendants"), by and through their attorneys of record, James M. Meseck and E. Catlynne Shadakofsky of the law firm of White and Steele, P.C., submit their response to Plaintiffs' Amended Complaint and in response thereto, state as follows:

**PARTIES**

1.      The Defendants are without sufficient information to admit or deny the allegations contained in paragraph 1 of the Amended Complaint and, therefore, deny the same.

2.      With respect to the allegations contained in paragraph 2 of the Amended Complaint, the Defendants admit that Ebner Real Estate is a Colorado Limited Liability Company with a principal office street address of 123 Whiterock Avenue, Crested Butte, CO

81224, that Ms. Ebner is the sole member of Ebner Real Estate, and that she is a citizen of Colorado.  The Defendants deny all remaining allegations contained in paragraph 2 of the Amended Complaint.

3.       With respect to the allegations contained in paragraph 3 of the Amended Complaint, the Defendants admit that Ms. Ebner is an individual with a post office address of PO Box 2452, Crested Butte, CO 81224, and a physical business address of 326 Elk Avenue, Suite D, Crested Butte, CO 81224.  The Defendants deny all remaining allegations contained in paragraph 3 of the Amended Complaint.

## JURISDICTION AND VENUE

4.       The Defendants have no objection to jurisdiction as alleged in paragraph 4 of the Amended Complaint.  The Defendants are without sufficient information to admit or deny all remaining allegations contained in paragraph 4 of the Amended Complaint and, therefore, deny the same.

5.       The Defendants have no objection to venue but deny liability as alleged in paragraph 5 of the Amended Complaint.

## STATEMENT OF FACTS

6.       The Defendants admit the allegations contained in paragraph 6 of the Amended Complaint.

7.      With respect to the allegations contained in paragraph 7 of the Amended Complaint, the Defendants admit that Mr. Sullivan and Ms. Ebner met in Crested Butte during Mr. Sullivan's visit in December 2016 and that Mr. Sullivan represented he was looking for a constructed home in a price range of up to $2,175,000.  The Defendants deny all remaining allegations contained in paragraph 7 of the Amended Complaint.

8.      The Defendants admit the allegations contained in paragraph 8 of the Amended Complaint.

9.      With respect to the allegations contained in paragraph 9 of the Amended Complaint, the Defendants admit that Mr. Sullivan executed the Buyer's Listing Contract and that Ms. Ebner agreed to act as a limited agent while an Associate Broker with Keller Williams Realty Colorado Heritage on behalf of the buyer per the terms of the Buyer's Listing Contract. The Defendants deny all remaining allegations contained in paragraph 9 of the Amended Complaint and, therefore, deny the same.

10.      With respect to the allegations contained in paragraph 10 of the Amended Complaint, the Defendants admit that Ms. Ebner prepared a backup offer on behalf of Mr. Sullivan for the Aspen Hill property and a backup offer on a commercial bed and breakfast property in Crested Butte in January 2017 that were not accepted.  Defendants further admit that a new offer was made for the Aspen Hill property in July 2017, as a broker with Signature Properties Ebner & Associates that was accepted, went under contract, and that the Plaintiff did his own due diligence, including having discussions with a local builder and town authorities, and that Mr. Sullivan terminated the contract.  The Defendants deny that Ms. Ebner did any

investigation or due diligence on behalf of Mr. Sullivan, including the discovery of any easements across the property. The Defendants deny all remaining allegations contained in paragraph 10 of the Amended Complaint.

11.     With respect to the allegations contained in paragraph 11 of the Amended Complaint, the Defendants admit that Ms. Ebner continued to act as a transaction-broker with Mr. Sullivan once the Buyer Listing Contract expired, such as searching for real estate options but primarily investment properties in Crested Butte, including the backup offer on the bed and breakfast. The Defendants deny all remaining allegations contained in paragraph 11 of the Amended Complaint.

12.     With respect to the allegations contained in paragraph 12 of the Amended Complaint, the Defendants admit that Ms. Ebner sent an email to Mr. Sullivan identifying 113 Sopris Avenue as  a real property that met his search criteria, that the subject property had an A-frame home on it and included a garage on August 16, 2017.  The Defendants deny all remaining allegations contained in paragraph 12 of the Amended Complaint.

13.     With respect to the allegations contained in the first sentence of paragraph 13 of the Amended Complaint, the Defendants admit that Ms. Ebner sent an email to Mr. Sullivan on August 16, 2017, regarding the property located at 113 Sopris Avenue and that the content of the email speaks for itself.  The Defendants deny that Ms. Ebner's statement was a statement of fact because it was a statement of opinion.  The Defendants deny the second sentence of paragraph 13 of the Amended Complaint.  The Defendants are without sufficient information to admit or

deny the third sentence of paragraph 13 of the Amended Complaint and, therefore, deny the same.

14.     The Defendants admit the allegations contained in paragraph 14 of the Amended Complaint.

15.     The Defendants admit the allegations contained in paragraph 15 of the Amended Complaint.

16.     With respect to the allegations contained in paragraph 16 of the Amended Complaint, the Defendants admit that on June 7, 2018, Ms. Ebner did notify Mr. Sullivan that 113 Sopris was not under contract and could be an appropriate property for Mr. Sullivan's consideration.  The Defendants deny all remaining allegations contained in paragraph 16 of the Amended Complaint.

17.     With respect to the allegations contained in paragraph 17 of the Amended Complaint, the Defendants admit that on June 7, 2018, Ms. Ebner sent an email to Mr. Sullivan and that the content of the email speaks for itself.  The Defendants deny that Ms. Ebner represented a statement of fact because it was a statement of opinion.

18.     The Defendants admit the allegations contained in paragraph 18 of the Amended Complaint.

19.     The Defendants deny the allegations contained in paragraph 19 of the Amended Complaint.

20.     The Defendants admit the allegations contained in paragraph 20 of the Amended Complaint and further state that the Plaintiffs never asked Ms. Ebner to confirm the representations of Mr. Pulley or his advice.

21.     The Defendants deny the allegations contained in paragraph 21 of the Amended Complaint.

22.     With respect to the allegations contained in paragraph 22 of the Amended Complaint, the Defendants admit that Mr. Sullivan's contract offer was accepted with a purchase price of $820,000.00 for 113 Sopris as alleged in paragraph 22 of the Amended Complaint.  The Defendants deny all remaining allegations contained in paragraph 22 of the Amended Complaint.

23.     With respect to the allegations contained in paragraph 23 of the Amended Complaint, the Defendants admit that Ms. Ebner was a transaction-broker who did sign the Purchase Contract as an outside vendor incorrectly identifying herself as a buyer's agent.  The Defendants deny all remaining allegations contained in paragraph 23 of the Amended Complaint.

24.     With respect to the allegations contained in paragraph 24 of the Amended Complaint, the Defendants admit that the Purchase Contract stated that Mr. Sullivan had never personally seen 113 Sopris, and that Ms. Ebner represented that she was raised in Almont, that she has been a resident of Crested Butte since 2007, and that she owned her own real estate brokerage firm.  The Defendants deny all remaining allegations contained in paragraph 24 of the Amended Complaint.

25.     With respect to the allegations contained in paragraph 25 of the Amended Complaint, the Defendants admit that Ms. Ebner represented to Mr. Sullivan that 113 Sopris was not historic because the property was not built during the period of historic significance; 113 Sopris is a non-contributing property and the property was suitable for redevelopment.   The Defendants deny all remaining allegations contained in paragraph 25 of the Amended Complaint.

26.     The Defendants deny the allegations contained in paragraph 26 of the Amended Complaint.

27.     The Defendants admit the allegations contained in paragraph 27 of the Amended Complaint.

28.     The Defendants admit the allegations contained in paragraph 28 of the Amended Complaint.

29.     The Defendants admit the allegations contained in paragraph 29 of the Amended Complaint.

30.     With respect to the allegations contained in paragraph 30 of the Amended Complaint, the Defendants admit that Ms. Ebner was asked to locate local regulations.   The Defendants deny that Ms. Ebner agreed to investigate, that she was an agent in this transaction, and all remaining allegations contained in paragraph 30 of the Amended Complaint.

31.     With respect to the allegations contained in paragraph 31 of the Amended Complaint, the Defendants admit that Ms. Ebner notified Mr. Sullivan that she was trying to

locate information relating to the flood zone in the June 21, 2018 email.  The Defendants deny all remaining allegations contained in paragraph 31 of the Amended Complaint.

32.     The Defendants deny the allegations contained in paragraph 32 of the Amended Complaint.

33.     The Defendants deny the allegations contained in paragraph 33 of the Amended Complaint.

34.     The Defendants deny the allegations contained in paragraph 34 of the Amended Complaint.

35.     The Defendants deny that Ms. Ebner made the representations as alleged in paragraph 35 of the Amended Complaint.  The Defendants are without sufficient information to admit or deny all remaining allegations contained in paragraph 35 of the Amended Complaint and, therefore, deny the same.

36.     The Defendants deny the allegations contained in paragraph 36 of the Amended Complaint.

37.     The Defendants deny the allegations contained in paragraph 37 of the Amended Complaint.

38.     The Defendants are without sufficient information to admit or deny the allegations contained in paragraph 38 of the Amended Complaint and, therefore, deny the same.

39.     With respect to the allegations contained in paragraph 39 of the Amended Complaint, the Defendants admit that Ms. Ebner and Mr. Sullivan would meet on occasion for other reasons, more specifically relating to a wire fraud incident, and that the Plaintiff wanted more time to close due to the wire fraud incident and for time to resolve the easement negotiations and not because of diligence objections.   The Defendants deny all remaining allegations contained in paragraph 39 of the Amended Complaint.

40.     The Defendants deny the allegations contained in paragraph 40 of the Amended Complaint.

41.     With respect to the allegations contained in paragraph 41 of the Amended Complaint, the Defendants admit that Mr. Sullivan hired attorney Aaron Huckstep to address the easement issues and possibly prepare other documents relating to title exceptions and that it was Mr. Sullivan who wanted to extend the closing but the seller did not.   The Defendants deny all remaining allegations contained in paragraph 41 of the Amended Complaint.

42.     The Defendants admit the allegations contained in paragraph 42 of the Amended Complaint.

43.     The Defendants are without sufficient information to admit or deny the allegations contained in paragraph 43 of the Amended Complaint and, therefore, deny the same.

44.     The Defendants are without sufficient information to admit or deny the allegations contained in paragraph 44 of the Amended Complaint and, therefore, deny the same.

45.     The Defendants are without sufficient information to admit or deny the allegations contained in paragraph 45 of the Amended Complaint and, therefore, deny the same.

46.     The Defendants admit the allegations contained in paragraph 46 of the Amended Complaint.

47.     The Defendants admit the allegations contained in paragraph 47 of the Amended Complaint.

48.     With respect to the allegations contained in paragraph 48 of the Amended Complaint, the Defendants admit that the property was listed on the historic registry in 1974 but that it was not built during the period of historic significance of 1880-1952, although the residence had been constructed 10 years prior to 1974, and that the residence is a non-contributing factor to the neighborhood and area.  The Defendants deny all remaining allegations contained in paragraph 48 of the Amended Complaint.

49.     With respect to the allegations contained in paragraph 49 of the Amended Complaint, the Defendants admit that Ms. Ebner used and relied upon information from another (other) agent(s).  The Defendants deny that Ms. Ebner made statements of fact because they were statements of opinion.  The Defendants deny all remaining allegations contained in paragraph 49 of the Amended Complaint.

50.     The Defendants deny the allegations contained in paragraph 50 of the Amended Complaint.

51.     The Defendants deny the allegations contained in paragraph 51 of the Amended Complaint.

52.     The Defendants are without sufficient information to admit or deny the allegations contained in paragraph 52 of the Amended Complaint and, therefore, deny the same.

53.     The Defendants deny the allegations contained in paragraph 53 of the Amended Complaint.

54.     With respect to the allegations contained in paragraph 54 of the Amended Complaint, the Defendants admit that the Town of Crested Butte adopted an emergency moratorium on demolition of structures within the Town.  The Defendants are without sufficient information to admit or deny as to when that moratorium on demolition was adopted and, therefore, deny the same.  The Defendants deny all remaining allegations contained in paragraph 54 of the Amended Complaint.

55.     With respect to the allegations contained in paragraph 55 of the Amended Complaint, the Defendants admit that the Town of Crested Butte lifted the moratorium on all non-historic structures.  The Defendants are without sufficient information to admit or deny when the moratorium was lifted and, therefore, deny the same.  The Defendants deny all remaining allegations contained in paragraph 55 of the Amended Complaint.

56.     The Defendants are without sufficient information to admit or deny the allegations contained in paragraph 56 of the Amended Complaint and, therefore, deny the same.

57.     With respect to the allegations contained in paragraph 57 of the Amended Complaint, the Defendants are without sufficient information as to what material changes were implemented by Ordinance 2019-34 as alleged in the first sentence of paragraph 57.   The Defendants deny all remaining allegations, specifically the second sentence of paragraph 57 of the Amended Complaint.

58.     The Defendants deny the allegations contained in paragraph 58 of the Amended Complaint.

59.     The Defendants are without sufficient information to admit or deny the allegations contained in paragraph 59 of the Amended Complaint and, therefore, deny the same.

60.     The Defendants deny the allegations contained in paragraph 60 of the Amended Complaint.

61.     The Defendants admit the allegations contained in paragraph 61 of the Amended Complaint.

## FIRST CAUSE OF ACTION

### Breach of Fiduciary Duty

62.     The Defendants incorporate their responses to paragraphs 1 through 61 of the Amended Complaint as if fully set forth herein.

63.     The Defendants deny the allegations contained in paragraph 63 of the Amended Complaint.

64.     The Defendants deny the allegations contained in paragraph 64 of the Amended Complaint.

65.     The Defendants deny the allegations contained in paragraph 65 of the Amended Complaint.

66.     The Defendants deny the allegations contained in paragraph 66 of the Amended Complaint.

67.     The Defendants deny the allegations contained in paragraph 67 of the Amended Complaint.

68.     The Defendants deny the allegations contained in paragraph 68 of the Amended Complaint.

## SECOND CAUSE OF ACTION

### Misrepresentation

69.     The Defendants incorporate their responses to paragraphs 1 through 68 of the Amended Complaint as if fully set forth herein.

70.     The Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

71.     The Defendants deny the allegations contained in paragraph 71 of the Amended Complaint.

72.     The Defendants deny the allegations contained in paragraph 72 of the Amended Complaint.

73.     The Defendants deny the allegations contained in paragraph 73 of the Amended Complaint.

74.     The Defendants deny the allegations contained in paragraph 74 of the Amended Complaint.

75.     The Defendants deny the allegations contained in paragraph 75 of the Amended Complaint.

76.     The Defendants deny the allegations contained in paragraph 76 of the Amended Complaint.

77.     The Defendants deny the allegations contained in paragraph 77 of the Amended Complaint.

78.     The Defendants deny the allegations contained in paragraph 78 of the Amended Complaint.

## THIRD CAUSE OF ACTION

### Negligence

79.     The Defendants incorporate their responses to paragraphs 1 through 78 of the Amended Complaint as if fully set forth herein.

80.     With respect to the allegations contained in paragraph 80 of the Amended Complaint, the Defendants admit that the duties owed by a transaction broker to the buyers is set forth in Colorado's statutes, case law and regulations.   The Defendants deny all remaining allegations contained in paragraph 80 of the Amended Complaint.

81.     The Defendants deny the allegations contained in paragraph 81 of the Amended Complaint.

82.     The Defendants deny the allegations contained in paragraph 82 of the Amended Complaint.

## FOURTH CAUSE OF ACTION

### Constructive Fraud

83.     The Defendants incorporate their responses to paragraphs 1 through 82 of the Amended Complaint as if fully set forth herein.

84.     The Defendants deny the allegations contained in paragraph 84 of the Amended Complaint.

85.     The Defendants deny the allegations contained in paragraph 85 of the Amended Complaint.

86.     The Defendants deny the allegations contained in paragraph 86 of the Amended Complaint.

87.     The Defendants deny the allegations contained in paragraph 87 of the Amended Complaint.

88.     The Defendants deny the allegations contained in paragraph 88 of the Amended Complaint.

89.     The Defendants deny the allegations contained in paragraph 89 of the Amended Complaint.

90.     The Defendants deny the allegations contained in paragraph 90 of the Amended Complaint.

91.     The Defendants deny the allegations contained in paragraph 91 of the Amended Complaint.

92.     All allegations not specifically admitted to herein are hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.      All or a portion of the Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2.      The Plaintiffs' claims are frivolous and groundless as defined in C.R.S. §13-17-101 *et seq.*   Defendants have incurred, and will continue to incur, attorney fees and court costs in the defense of this action.  The Defendants seek recovery of all fees and costs incurred in this case from the Plaintiff.

### Third Affirmative Defense

3.      The Plaintiffs' claims are limited or barred by the Plaintiffs' own negligence or assumption of the risk, by the negligence of the Plaintiffs' agents and representatives, and by the comparative negligence, fault or blame of all co-defendants and all nonparties designated in this case by the Defendants or by any other party.  The Defendants can only be found responsible, if at all, for the *pro rata* portion of any fault or blame in this case as may properly be apportioned to the Defendants pursuant to C.R.S. §§13-21-111 and 13-21-111.5.

### Fourth Affirmative Defense

4.      The Plaintiffs' claims may be barred by the doctrines of waiver, unclean hands, laches, acquiescence, consent, estoppel, ratification, authorization, *in pari delicto,* and the economic loss rule.

### Fifth Affirmative Defense

5.      The Plaintiffs' claims are barred or reduced by a failure to mitigate the Plaintiffs' damages, if any, in this case.

### Sixth Affirmative Defense

6.      Some of the Plaintiffs' claims are duplicative.

### Seventh Affirmative Defense

7.      The Plaintiffs' claims are barred or reduced by the Plaintiffs' actual, constructive or imputed notice and knowledge of facts which gave rise to a duty of inquiry.

### Eighth Affirmative Defense

8.      The Plaintiffs' alleged damages must be reduced by any payments received from any collateral sources, C.R.S. §13-21-111.6.

**Ninth Affirmative Defense**

9.      The Plaintiffs' claims are barred by the applicable statute of limitations.

**Tenth Affirmative Defense**

10.     The Plaintiffs' claimed damages or losses, if any, were caused by the supervening or intervening conduct of third parties, including but not limited to the Town of Crested Butte, over whom the Defendants had no control nor right of control.

**Eleventh Affirmative Defense**

11.     Some or all of the Plaintiffs' alleged damages are remote and speculative or are not a consequence of any conduct of the Defendants.

**Twelfth Affirmative Defense**

12.     The Plaintiffs' claims are barred or limited by C.R.S. §§ 13-21-102.5 and 13-21-111.7.

**Thirteenth Affirmative Defense**

13.     The Plaintiffs' alleged damages were proximately caused by unforeseeable, independent, intervening and/or superseding events beyond the control of the Defendants and unrelated to any act or omission of the Defendants.

**Fourteenth Affirmative Defense**

14.     The Plaintiffs' claims are barred or limited by the terms of the applicable written agreements, if any, between and among the parties.

**Fifteenth Affirmative Defense**

15.     The Plaintiffs had received actual or constructive notice through other sources.

### Sixteenth Affirmative Defense

16.     The Plaintiffs' claims against the Defendants are limited or barred by the provisions of C.R.S. § 12-61-801 *et seq.* (now codified at § 12-10-401, *et seq.*) and by various rules of the Colorado Real Estate Commission.

### Seventeenth Affirmative Defense

17.     The alleged misrepresentations were statements of opinion, predictions of future events, or puffery for which no action lies.

### Eighteenth Affirmative Defense

18.     The Plaintiffs did not reasonably or justifiably rely on any alleged misrepresentations attributed to the Defendants.

### Nineteenth Affirmative Defense

19.     The Plaintiffs had knowledge of the condition of the property.

### Twentieth Affirmative Defense

20.     The Plaintiffs failed to accurately plead a claim of fraud pursuant to C.R.C.P. 9(b).

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, having answered the Plaintiffs' Amended Complaint, the Defendants Ebner Real Estate, LLC d/b/a Signature Properties Ebner & Associates a/k/a Ebner & Associates Signature Properties and Jesse Ebner respectfully request that the Court dismiss this action, enter judgment in their favor and against Plaintiffs Barry Alan Sullivan and Jennifer Diesman Sullivan, and award the Defendants their attorney's fees, expert witness fees and costs, and such other and further relief as the Court deems necessary, just, equitable and proper.

Respectfully submitted this  5th day of February, 2021.

s/ *E. Catlynne Shadakofsky*
James M. Meseck
E. Catlynne Shadakofsky
White and Steele, P.C.
600 17th Street, Suite 600N
Denver, Colorado 80202-5406
Telephone:  303-296-2828
Email: jmeseck@wsteele.com
          cshadakofsky@wsteele.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 5, 2021, a true and correct copy of the foregoing was e-served via CM-ECF to the following:

Neal Cohen
Jennifer Sullivan
SULLIVAN COHEN LLC
1495 Canyon Boulevard
Boulder, CO  80302
Email: neal@sullcoh.com
jennifer@sullcoh.com
*Attorneys for Plaintiff*

s/*Charlene Falk*
For White and Steele, P.C.