IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  20-cv-2174-WJM-GPG

BARRY ALAN SULLIVAN and
JENNIFER DIESMAN SULLIVAN,

    Plaintiffs,

v.

EBNER REAL ESTATE, LLC d/b/a SIGNATURE PROPERTIES EBNER & ASSOCIATES a/k/a EBNER & ASSOCIATES SIGNATURE PROPERTIES, a Colorado Limited Liability Company, and JESSE EBNER, individually,

    Defendants.

### JOINT MOTION TO STAY DEADLINES PENDING MEDIATION

    Pursuant to this Court's inherent authority, the parties, through the undersigned counsel, hereby respectfully submit this joint motion to stay proceedings in the above-captioned action pending the completion of mediation. The grounds for this motion are as follows:

    1.    The parties have diligently pursued discovery in this case. They have exchanged written discovery and taken the depositions of the named parties.

    2.    Having engaged in a significant amount of discovery, the parties determined that it is an advantageous time to pursue mediation. They have scheduled a mediation for March 23, 2021.

    3.    The Court has not yet set a trial date.

4. There are two upcoming expert witness deadlines that the parties would like to stay pending mediation efforts. These are: (a) expert designations (currently due by March 15, 2021); and (b) rebuttal expert deadlines (currently due by April 15, 2021). Should mediation fail, the parties will also request an extension of the discovery cut-off date (currently May 24, 2021) and the dispositive motion deadline (currently June 28, 2021) in an amount of time that corresponds to the length of the stay of the expert witness deadlines.

5. A status conference is scheduled for April 19, 2021. The parties propose staying the expert witness deadlines until the earlier of (a) the date on which the parties notify the Court that mediation was unsuccessful; or (b) the scheduled status conference. At that time, the parties will propose new dates for each of the above-referenced deadlines.

6. Pursuant to this Court's Scheduling Order of October 6, 2020, the deadlines in this case may be altered or amended only upon a showing of good cause. Good cause exists for the above-requested amendments to the Scheduling Order.

7. Courts have discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). Although "generally disfavored in this District, *see Bustos v. United States*, 257

F.R.D. 617, 623 (D. Colo. 2009), a stay of proceedings is an appropriate exercise of the court's discretion." *Khoja v. DPD Sub, Inc.*, No. 15-CV-00258-WYD-KMT, 2015 WL 3862536, *1 (D. Colo. June 22, 2015).

8. "'[A] court may decide that in a particular case it would be wise to stay proceedings until [certain challenges] have been resolved." *Khoja*, 2015 WL 3862536 at *1 (citing 8A Charles Alan Wright, Arthur R. Miller & Richard Marcus, Federal Practice and Procedure § 2040, at 198 (3d ed. 2010)). When considering a motion to stay, a court considers: "(1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-019340-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March. 30, 2006)).

9. Here all of the factors cited by Magistrate Judge Tafoya in *Khoja* weigh in favor of a stay: (1) and (2) Because this is a joint motion, there is no potential prejudice to either party if a stay is granted; (3) Because trial has not yet been set, the staying and possible extension of dates in this action (should mediation fail) will not disrupt this Court's trial docket; (4) One or both parties may seek to depose third parties to the litigation, and by staying the deadlines to allow for mediation, such third-party discovery may possibly be avoided; and (5) The requested stay serves the public interest by providing the parties the opportunity to resolve this action outside of court, thereby potentially saving Court resources for other actions.

      10.    A proposed Order is provided for the Court's convenience.

Dated this 26th day of February, 2021.

                              Respectfully submitted,

| *s/ Neal S. Cohen* | *s/ E. Catlynne Shadakofsky* |
|---|---|
| Neal S. Cohen | James M. Meseck |
| Jennifer L. Sullivan | E. Catlynne Shadakofsky |
| Sullivan Cohen LLC | White and Steele, P. C. |
| 1495 Canyon Boulevard | 600 17th Street, Suite 600N |
| Boulder, CO 80302 | Denver, CO 80202 |
| neal@sullcoh.com | jmeseck@wsteele.com; |
| jennifer@sullcoh.com | cshadakofsky@wsteele.com |
| Attorneys for Plaintiffs | Attorneys for Defendants |

4

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of March, 2021, I filed the foregoing Joint Motion to Stay Deadlines Pending Mediation with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the parties through their counsel of record as reflected in the signature blocks above.

      */s Debra Eurich*
Debra Eurich, Paralegal
Sullivan Cohen LLC

5