IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:20-cv-2174-WJM-GPG

BARRY ALAN SULLIVAN and
JENNIFER DIESMAN SULLIVAN,

v.

EBNER REAL ESTATE, LLC d/b/a SIGNATURE PROPERTIES EBNER & ASSOCIATES a/k/a EBNER & ASSOCIATES SIGNATURE PROPERTIES, a Colorado Limited Liability Company, and JESSE EBNER, individually,

Defendants.
_____

**JOINT STATUS REPORT AND REQUEST TO CONTINUE STAY OF DEADLINES PENDING ONGOING SETTLEMENT DISCUSSIONS**
_____

The parties, jointly through their respective undersigned counsel, submit this Joint Status Report and Request to Continue Stay of Deadlines Pending Ongoing Settlement Discussions. The grounds for the request are as follows:

1. The parties request that the Court continue and extend the stay of deadlines in the case and vacate the status conference scheduled for April 15, 2021, and reschedule it for some time the week of May 10, 2021, to allow the parties to complete a second phase of mediation.

2. The parties filed a Joint Motion to Stay Deadlines Pending Mediation on March 1, 2021, requesting that the Court stay and extend the expert-designation deadlines, discovery cut-off date, and dispositive motion deadline pending mediation, which was scheduled for March 23, 2021.

3. On March 2, 2021, the Court granted the Motion, instructing the parties to advise the Court of the outcome of mediation on or before the status conference scheduled for April 15, 2021. This pleading is intended to satisfy that obligation and request a continued stay.

4. Although the parties mediated the case on March 23, 2021, they did not resolve their disputes.

5. Settlement discussions and efforts to resolve the case are ongoing. The parties scheduled a second mediation for May 3, 2021.

6. The parties recognize the importance of discovery and the litigation process and understand the Court's reasoning for allowing a "short" stay before ordering the "rapid resumption of discovery."

7. Because the parties continue to engage in meaningful, good-faith settlement discussions in the hopes of resolving the case without further litigation, costing the parties and the Court valuable resources, the parties respectfully request that this Court enter an order extending the stay of the expert disclosure deadlines and stay all other deadlines outlined in the Case Management Order.

8. Pursuant to this Court's Scheduling Order of October 6, 2020, the deadlines in this case may be altered or amended only upon a showing of good cause. Good cause exists for the additional amendments to the Scheduling Order.

9. Additionally, this Court has broad authority to alter deadlines set in the Case Management Order and stay proceedings under its power to control its own docket. *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-KLM, 2009 U.S. Dist. LEXIS 62160 at 2, 2009 WL 1965521 (D. Colo. July 6, 2009) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

10. Although "generally disfavored in this District, *see Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay of proceedings is an appropriate exercise of the court's discretion," *Khoja v. DPD Sub, Inc.*, No. 15-CV-00258-WYD-KMT, 2015 WL 3862536, *1 (D. Colo. June 22, 2015).

11. In considering whether a stay is appreciate, a court considers three factors: "(1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party of the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation." *Franklin v. Merck & Co.*, No. 06-cv-02164-WYD-BNB, 2007 U.S. Dist. LEXIS 5010, 2007 WL 188264, at 82 (D. Colo. Jan. 24, 2007) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

12. Considering these factors, an extended stay is appropriate. The parties agree that they will be prejudiced by reinstating the deadlines originally set in the Court's Case Management Order, particularly the deadlines for expert disclosures and dispositive motions. The parties have invested significant time and effort preparing to negotiate a good-faith resolution of this matter. As a result of ongoing settlement discussions, the parties have temporarily stayed their efforts in discovery (written discovery and depositions) and preparation of expert reports. Denying their joint request to continue the stay of deadlines would put the parties in the position of continuing these costly efforts while also seeking to resolve the case. Importantly, continuing the stay will save judicial resources by allowing the parties to work toward a resolution without proceeding with disclosures and motions requiring judicial review and response.

13. The parties request that the Court continue and extend the stay of deadlines in the case and vacate the status conference scheduled for April 15, 2021, and reschedule it for some time the week of May 10, 2021.

Respectfully submitted this 12th day of April, 2021.

| | |
|---|---|
| s/ *E. Catlynne Shadakofsky* | s/ *Neal Cohen* |
| James M. Meseck | Neal Cohen |
| E. Catlynne Shadakofsky | Jennifer L. Sullivan |
| White and Steele, P.C. | Sullivan Cohen LLC |
| 600 17th Street, Suite 600N | 1495 Canyon Boulevard |
| Denver, Colorado 80202-5406 | Boulder, Colorado 80302 |
| Telephone: 303-296-2828 | Telephone: 303-835-4993 |
| Email: jmeseck@wsteele.com | Email: neal@sullcoh.com |
| cshadakofsky@wsteele.com | jennifer@sullcoh.com |
| *Attorneys for Defendants* | *Attorneys for Plaintiffs* |

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 12, 2021, a true and correct copy of the foregoing was e-served via CM-ECF to the following:

Neal Cohen
Jennifer Sullivan
SULLIVAN COHEN LLC
1495 Canyon Boulevard
Boulder, CO  80302
Email: neal@sullcoh.com
jennifer@sullcoh.com
*Attorneys for Plaintiff*

Per D.C.COLO.LCivR 6.1(c) and Judge Martinez's Practice Standards, II.D.2., this Motion was served by email on Defendant Jesse Ebner personally and as representative of Defendant Ebner Real Estate.

                                                  *s/Charlene Falk*
                                                  For White and Steele, P.C.