**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-2174-WJM-GPG

BARRY ALAN SULLIVAN, and
JENNIFER DIESMAN SULLIVAN,

    Plaintiffs,

v.

EBNER REAL ESTATE, LLC d/b/a SIGNATURE PROPERTIES
EBNER & ASSOCIATES a/k/a EBNER & ASSOCIATES SIGNATURE PROPERTIES, a
Colorado Limited Liability Company, and
JESSE EBNER, individually,

    Defendants.

---

**JOINT RESPONSE TO THE COURT'S RESCHEDULING ORDERS [#44, 47]**

---

    The parties, by and through their respective undersigned counsel, for their Joint Response to the Court's Rescheduling Orders [#44, 47], state the following:

    1.    This case was stayed pending mediation. The Court ordered that should mediation fail, the parties should propose new case management deadlines. [##44, 47]

    2.    The parties attended mediation and continue to discuss settlement.

    3.    On May 24, 2021, new counsel entered an appearance for Plaintiffs. [##51, 52] Plaintiffs' earlier counsel has filed a motion to withdraw. [#55]

4. Defendants assert that § 6.e. of the Scheduling Order [#28] should be amended as follows:

e. Statement concerning any agreements to conduct informal discovery:

The parties agreed to explore the possibility of joint interviews of witnesses, video or Zoom depositions for people outside the Denver metropolitan area, and to exchange documents pursuant to Rule 26 prior to formal discovery.

Defendants are now aware that witnesses associated with the Town of Crested Butte must be subpoenaed to give deposition testimony. Thus, informal interviews of such witnesses cannot be conducted.

Defendants have, on at least two occasions, requested that Plaintiffs provide updated disclosures regarding the Property and their claimed damages. Plaintiffs have not complied with these requests. Defendants believe that Plaintiffs are not complying with their obligations and agreement to perform under Rule 26. Defendants intend to file a Motion to Compel on this basis.

5. Plaintiffs' undersigned counsel has not yet received the full case file in this matter to evaluate Defendants' request, but will supplement disclosures, statements of damages, or other discovery responses to the extent required by the Federal Rules of Civil Procedure. Plaintiffs request reasonable time for their new counsel to evaluate the file and to supplement information.

6. The Parties seek to amend § 9 of the Scheduling Order [#28] as follows:

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

**Plaintiffs:** In light of Defendants' assertion that the economic loss rule bars Plaintiffs' claims, Plaintiffs anticipate promptly filing a motion for leave to amend to assert a claim based on the same operative facts for breach of contract. Plaintiffs do not concede the applicability of the economic loss rule, but anticipate seeking amendment to permit adjudication on the merits based on the applicable legal theory.

**Defendants:** Defendants oppose any proposed amendment of the Complaint to add a claim for breach of contract as being futile. Defendants will seek leave to request a jury trial.

b.      Deadline for Designation of Non-Parties:

       October 21, 2020

c.      Discovery Cut-off:      Non-expert discovery September 30, 2021
                                              Expert discovery October 31, 2021

d.      Dispositive Motion Deadline:  November 30, 2021

e.      Expert Witness Disclosure

   1.      The parties shall identify anticipated fields of expert testimony, if any.

   The parties have identified the following fields for expert testimony: a broker's standard of care, rules and regulations of the Town of Crested Butte regarding residential development, appraisals of subject property, damages incurred from the restrictions of residential development of the subject property.

   Plaintiffs may also designate an expert on construction.

   2.      Limitations which the parties propose on the use or number of expert witnesses.

   **Plaintiffs' Position:**

No more than four (4) per side, inclusive of rebuttal experts. This limitation should not apply to the designation of non-retained experts in light of the high number of percipient witnesses who performed work related to the Property in connection with the underlying facts who are professionals and therefore may have both fact testimony and relevant expertise and opinions related to their work and should not thereby be excluded from testifying.

   **Defendants' Position:**

Defendants believe four (4) experts per side, regardless of whether retained or non-retained is appropriate and was originally agreed to by the parties.

   3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 30, 2021.

    4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 30, 2021.

f. Motions to Exclude Expert Testimony: *per Judge Martinez's Practice Standards*

Any motion to exclude expert testimony under Federal Rule of Evidence 702, including under *Daubert* and related cases, must be filed <u>no later than 70 days (10 weeks before the Final Trial Preparation Conference, unless the motion challenges expert evidence submitted in support of summary judgment briefing. For other instructions, see Practice Standards Section III.H.</u>

g. Identification of Persons to Be Deposed:

**Plaintiffs:**

Jesse Ebner (6 hours, has occurred);

Town of Crested Butte official or officials (5 hours);

A deposition pursuant to F.R.C.P. 30(b)(6) of the appropriate Keller Williams entity (Defendant Ebner's previous brokerage, 6 hours);

A deposition pursuant to F.R.C.P. 30(b)(6) of Defendant Ebner Real Estate, LLC (6 hours);

Zach Chenault (3 hours);

A deposition pursuant to F.R.C.P. 30(b)(6) of seller DBC Limited Partnership (3 hours)

Any person identified by Defendants.

**Defendants:**

Barry Sullivan (7 hours, has occurred)

Jennifer Sullivan (2 hours, has occurred)

Representative(s) and employees of the Town of Crested Butte (10 hours)

Seller's agent, Catherine Benson (3 hours)

      Contractor Tony Veit (3 hours)

      Attorney Aaron Huckstep (4 hours)

Defendants oppose the proposed Rule 30(b)(6) deposition of the representative of Defendant Ebner Real Estate, LLC.

  7.  The parties respectfully request a second telephonic Scheduling Conference to discuss the foregoing matters and to set a pretrial conference date, pretrial order deadline, and trial date.

Respectfully submitted May 27, 2021.

| Ross W. Pulkrabek | James M. Meseck |
|---|---|
| *s/ Ross W. Pulkrabek* | *s/ James M. Meseck* |
| Keating Wagner Polidori Free, P.C. | White and Steele, P.C. |
| 1290 Broadway, Suite 600 | 600 17th Street, Suite 600N |
| Denver, CO 80203 | Denver, CO 80202 |
| 303.534.0401 | 303-296-2828 |
| *Attorney for Plaintiffs* | *Attorney for Defendants* |


## Certificate of Service

I hereby certify that on May 27, 2021, I caused a true and correct copy of the foregoing to be electronically served on the following:

> James M. Meseck
> White and Steele, P.C.
> 600 17th Street, Suite 600N
> Denver, CO 80202
> 303-296-2828
> *Attorney for Defendants*
>
> Neal Cohen
> Sullivan Cohen
> 1495 Canyon Blvd.
> Boulder, CO 80302
> 303-835-4933
> *Withdrawing Attorney for Plaintiffs*

                                              */s/ Amanda Sauerman*
                                              Amanda Sauerman