IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-2174-WJM-GPG

BARRY ALAN SULLIVAN, and
JENNIFER DIESMAN SULLIVAN,

    Plaintiffs,

v.

EBNER REAL ESTATE, LLC d/b/a SIGNATURE PROPERTIES
EBNER & ASSOCIATES a/k/a EBNER & ASSOCIATES SIGNATURE PROPERTIES, a Colorado Limited Liability Company, and
JESSE EBNER, individually,

    Defendants.

---

## AMENDED SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference was held on October 1, 2020 at 10:00 a.m. in Courtroom 323 of the United States Courthouse, Grand Junction, Colorado. Parties appeared telephonically. That Scheduling Conference resulted in a Scheduling Order issued October 6, 2020. [#28] The parties appeared for a second Scheduling Conference on June 14, 2021, at 10:30 AM, in Courtroom 323 of the United States Courthouse, Grand Junction, Colorado. The parties appeared telephonically.

**Plaintiffs:** Appearing at the June 14, 2021, Scheduling Conference for Plaintiffs Barry Alan Sullivan and Jennifer Diesman Sullivan were Ross W. Pulkrabek and Aaron D. Goldhamer of Keating Wagner Polidori Free, P.C., 1290 Broadway, Suite 600, Denver, CO 80203, 303.534.0401.

1

**Defendants:** Appearing for Defendants Ebner Real Estate, LLC d/b/a Signature Properties Ebner & Associates a/k/a Ebner & Associates Signature Properties ("Ebner Real Estate") and Jesse Ebner were James M. Meseck and E. Catlynne Shadakofsky of the law firm of White and Steele, P.C., 600 17th Street, Suite 600N, Denver, CO 80202, (303) 296-2828.

## 2. STATEMENT OF JURISDICTION

Subject matter jurisdiction in this matter is proper based on diversity of the parties, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), as required under 28 U.S.C. § 1332(a)(1). Plaintiffs are citizens of the State of Hawaii. Defendant Jesse Ebner is a citizen of the State of Colorado. Defendant Ebner Real Estate, LLC has one member, Jesse Ebner, and its principle place of business is in Crested Butte, Colorado.

## 3. STATEMENT OF CLAIMS AND DEFENSES

1. **Plaintiffs:**

In late 2016, Plaintiff Barry Sullivan ("Sullivan") contacted Defendant Jesse Ebner ("Ebner"), a real estate broker, about acquiring property in or near Crested Butte, Colorado on which Sullivan would construct a family home. On January 4, 2017, Mr. Sullivan signed an Exclusive Right-to-Buy Listing Contract (the "Brokerage Agreement") with Keller Williams Realty Colorado Heritage ("Keller Williams"), a real estate brokerage firm where Jesse Ebner worked; Ebner signed on behalf of Keller Williams. The Brokerage Agreement provided that Ebner/Keller Williams would act as a buyer's agent for Mr. Sullivan.

Ebner sent an email to Sullivan identifying 113 Sopris Avenue ("113 Sopris") as a suitable property. Ebner represented as fact in an email on August 16, 2017, "The home isn't historic and

2

can be demolished or remodeled." Ebner repeatedly told Sullivan that 113 Sopris was an appropriate property for Sullivan because it was not historic, it could be easily scraped, and a new home could be constructed on the lot. Sullivan asked Ebner to reconfirm that 113 Sopris was not a historic property and could be demolished. Ebner reconfirmed this fact to Sullivan. Sullivan relied on these statements and signed a purchase and sale agreement ("PSA") for 113 Sopris for $820,000.

By the time of the signing of the PSA, Ebner had left Keller Williams and was the sole licensed real estate broker at Defendant Ebner Real Estate, LLC ("Ebner RE"). Ebner signed the PSA for herself and Ebner RE as "Buyer's Agent." While under contract for 113 Sopris, Ebner made representations to Sullivan concerning flood zone issues and the garage at 113 Sopris, and assured Sullivan that the flood zone would not have any material impact to the demolition of the existing structures or the redevelopment of the property as a single-family home (with garage). Sullivan relied upon Ebner's representations, and Sullivan and his wife closed on 113 Sopris.

In fact, Ebner's representations concerning the lack of historic designation, the ability to demolish and freely redevelop, and the flood plane at 113 Sopris were incorrect. The Sullivans would not have purchased 113 Sopris had they known the true facts. Plaintiffs were damaged and deprived of the benefit of their bargain. Plaintiffs have asserted the following claims:

       (a) Breach of Fiduciary Duty;
       (b) Misrepresentation;
       (c) Negligence; and
       (d) Constructive Fraud.

Defendants have asserted the defense that the economic loss rule bars Plaintiffs' claims. Plaintiffs anticipate filing Motion for Leave to Amend to Add Breach of Contract Claim in light of Defendants economic loss rule defense.

2.  **Defendants:**

Defendants deny any and all liability to Plaintiffs. Mrs. Ebner served as a transaction-broker and worked with Plaintiff Barry Sullivan in the subject transaction to purchase the property located at 113 Sopris Avenue, Crested Butte, Colorado 81224 ("the Property"). Mrs. Ebner met the standard of care for a transaction-broker. Mrs. Ebner did not owe a fiduciary duty Mr. Sullivan. Mrs. Ebner did not owe a duty to investigate or confirm whether the Property was considered historic based on Crested Butte town ordinances or zoning requirements. Mrs. Ebner relied upon the seller's and the seller's real estate agent's representations, which she did not have a duty to verify for Mr. Sullivan's benefit.

Record evidence demonstrates that Mrs. Ebner's explanation that the Property is not historic and may be taken down is factually accurate. In January 2020, the local zoning board ultimately authorized Mr. Sullivan's development plan to demolish the home because the home was not historic. The Property was not considered historic, based in part on the fact that the Property was constructed outside the time period of significance and was not critical to the makeup of the neighborhood.

Mrs. Ebner was not asked and could not have predicted future events and decisions by the Town of Crested Butte. Mrs. Ebner did not misrepresent the condition or status of the Property; she explained her understanding to Mr. Sullivan. Plaintiffs conducted their own due diligence in

deciding whether the Property would suit their needs and plans. Any alleged misrepresentations were statements of opinion, predictions of future events, or puffery for which no action lies. Plaintiffs did not reasonably or justifiably rely on any alleged misrepresentations attributed to Defendants. Mrs. Ebner did not commit any type of fraud in serving as a real estate broker.

Mrs. Ebner did not force or coerce Mr. Sullivan into purchasing the Property against his wishes. Mr. Sullivan is a sophisticated real estate consumer, being an attorney, real estate investor, and developer. He and his wife have numerous resources in addition to their knowledge and experience with real estate investing, including local sources of information, use of attorneys and others as part of the due diligence process.

Defendant Ebner Real Estate had no contractual relationship with Plaintiffs. Ebner Real Estate owed no duties to Plaintiffs.

Defendants incorporate by reference all defenses asserted in their Answer to Plaintiffs' Amended Complaint, including that Plaintiffs' claims are limited or barred by their own negligence or assumption of the risk; Plaintiffs' claims may be barred by the doctrines of waiver, acquiescence, consent, estoppel, ratification, authorization, and the economic loss rule; Plaintiffs' claims are barred or reduced by a failure to mitigate their damages, if any; Plaintiffs' claims are duplicative. Plaintiffs received actual or constructive notice of the condition and status of the Property through other sources. Defendants assert that Plaintiffs' alleged damages are remote and speculative or are not a consequence of any alleged misconduct of Defendants. Plaintiffs failed to meet the higher pleading standard to assert fraud.

There are non-parties at fault, including the seller, DBC Limited Partnership, the seller's agent, Catherine Benson, and agents or representatives of the Town of Crested Butte, among others. Any settlement with those parties may entitle Defendants to a set-off.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Ebner Real Estate, LLC dba Signature Properties Ebner & Associates aka Ebner & Associates Signature Properties is a Colorado Limited Liability Company with a principal office street address of 123 Whiterock Avenue, Crested Butte, CO 81224, and a principal office mailing address of P.O. Box 2452, 123 Whiterock Avenue, Crested Butte, CO 81224.

2. The sole member of Ebner Real Estate, LLC is Defendant Jesse Ebner, who is a citizen of Colorado.

3. Jesse Ebner is an individual with a postal office address of PO Box 2452, Crested Butte, CO 81224, and a physical address of 326 Elk Avenue, Suite D, Crested Butte, CO 81224.

4. Ebner is the licensed real estate broker for Ebner Real Estate, LLC dba Signature Properties Ebner & Associates aka Ebner & Associates Signature Properties ("Ebner RE").

5. Sullivan signed a purchase and sale agreement ("PSA") to acquire the Property for $820,00.00.

6. The PSA closed on July 25, 2018. Sullivan paid 100% of the purchase price in cash. Sullivan directed title to be taken jointly with his wife Jennifer Diesman Sullivan.

## 5. COMPUTATION OF DAMAGES

Plaintiffs anticipate supplementing their previous damage disclosures following their receipt of the casefile from predecessor counsel. Defendants request that Plaintiffs supplement their computation of damages promptly and that the Court set a date certain for such disclosure.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The parties met for their Preconference meeting on September 9, 2020.

b. Plaintiffs were represented by Neal Cohen and Jennifer Sullivan, their prior counsel.

Defendants were represented by James M. Meseck and E. Catlynne Shadakofsky.

c. The parties agreed to make their Rule 26(a)(1) disclosures on September 23, 2020.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e. Statement concerning any agreements to conduct informal discovery:

The parties initially agreed to explore the possibility of joint interviews of witnesses, video or Zoom depositions for people outside the Denver metropolitan area, and to exchange documents pursuant to Rule 26 prior to formal discovery.

Defendants are now aware that witnesses associated with the Town of Crested Butte must be subpoenaed to give deposition testimony. Thus, informal interviews of such witnesses cannot be conducted.

Defendants have, on at least two occasions, requested that Plaintiffs provide updated disclosures regarding the Property and their claimed damages. Plaintiffs have not complied with

7

these requests. Defendants believe that Plaintiffs are not complying with their obligations and agreement to perform under Rule 26. Defendants intend to file a Motion to Compel on this basis.

Plaintiffs' undersigned counsel has not yet received the full case file in this matter from predecessor counsel to evaluate Defendants' request, but will supplement disclosures, statements of damages, or other discovery responses to the extent required by the Federal Rules of Civil Procedure. Plaintiffs require reasonable time for their new counsel to evaluate the file from predecessor counsel (upon receipt) and to supplement information.

Counsel for Defendants provided Plaintiffs' undersigned counsel a link to the pleadings, discovery, disclosures, and deposition transcripts and exhibits on May 28, 2021, with supplemental information on June 1, 2021. Defendants request that Plaintiffs supplement their disclosures promptly and that the Court set a date certain for such production of documents.

The parties are instructed to further confer. If the parties are unable to reach agreement, they shall refer to Magistrate Judge Gallagher's discovery dispute procedures found on the USDC-Colorado website.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

In addition to the foregoing, the parties agree to use a unified exhibit numbering system.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that their claims and defenses will involve an extensive amount of electronically store information. The bulk of the documents will be emails, and possibly some text messages and electronic calendars.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

The parties have discussed and continue to discuss the possibility of settlement.

Mediation has taken place in this matter.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

None.

b. Limitations which any party proposes on the length of depositions.

The parties agree to limit the length of depositions to 7 hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

None.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

45 days prior to the discovery cutoff.

e. Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings:

**Plaintiffs:** In light of Defendants' assertion that the economic loss rule bars Plaintiffs' claims, Plaintiffs anticipate promptly filing a motion for leave to amend to assert a claim based on the same operative facts for breach of contract. Plaintiffs do not concede the applicability of the economic loss rule, but anticipate seeking amendment to permit adjudication on the merits based on the applicable legal theory.

**Defendants:** Defendants oppose any proposed amendment of the Complaint to add a claim for breach of contract as being futile. Defendants will seek leave to request a jury trial.

b. Deadline for Designation of Non-Parties:

October 21, 2020

c. Discovery Cut-off:   Non-expert discovery September 30, 2021
Expert discovery October 31, 2021

d. Dispositive Motion Deadline:   November 30, 2021

e. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

The parties have identified the following fields for expert testimony: a broker's standard of care, rules and regulations of the Town of Crested Butte regarding residential development, appraisals of subject property, damages incurred from the restrictions of residential development of the subject property.

Plaintiffs may also designate an expert on construction.
Defendants also may designate an expert on cost of construction.

Each side shall be permitted four (4) experts, inclusive of rebuttal experts. This limitation does not include non-retained experts.

2. Limitations which the parties propose on the use or number of expert witnesses.

**Plaintiffs' Position:** No more than four (4) per side, inclusive of rebuttal experts. This limitation should not apply to the designation of non-retained experts in light of the high number of percipient witnesses who performed work related to the Property in connection with the underlying facts who are professionals and

10

therefore may have both fact testimony and relevant expertise and opinions related to their work and should not thereby be excluded from testifying.

**Defendants' Position:** Defendants believe four (4) experts per side, regardless of whether retained or non-retained is appropriate and was originally agreed to by the parties.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 30, 2021.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 30, 2021.

f. Motions to Exclude Expert Testimony: *per Judge Martinez's Practice Standards*

Any motion to exclude expert testimony under Federal Rule of Evidence 702, including under *Daubert* and related cases, must be filed no later than 70 days (10 weeks before the Final Trial Preparation Conference, unless the motion challenges expert evidence submitted in support of summary judgment briefing. For other instructions, see Practice Standards Section III.H.

g. Identification of Persons to Be Deposed:

**Plaintiffs:**

Jesse Ebner (6 hours, has occurred);

Town of Crested Butte official or officials (5 hours);

A deposition pursuant to F.R.C.P. 30(b)(6) of the appropriate Keller Williams entity (Defendant Ebner's previous brokerage, 6 hours);

A deposition pursuant to F.R.C.P. 30(b)(6) of Defendant Ebner Real Estate, LLC (6 hours);

Zach Chenault (3 hours);

A deposition pursuant to F.R.C.P. 30(b)(6) of seller DBC Limited Partnership (3 hours)

Any person identified by Defendants.

**Defendants:**

Barry Sullivan (7 hours, has occurred)

Jennifer Sullivan (2 hours, has occurred)

Representative(s) and employees of the Town of Crested Butte (10 hours)

Architect Andrew Hadley (4 hours)

Contractor Benjamin Somrak (4 hours)

Contractor Jeremy Erickson (4 hours)

Contractor Tony Veit (3 hours)

Floodplain Engineer Tyler Harpel (3 hours)

Attorney Aaron Huckstep (5 hours)

Defendants reserve the right to supplement this list of deponents based on Plaintiffs' supplemental disclosures.

Defendants oppose the proposed Rule 30(b)(6) deposition of the representative of Defendant Ebner Real Estate, LLC.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times:

**Joint Discovery Update to be submitted by 8/27/2021.** _____

b. A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b. Anticipated length of trial and whether trial is to the court or jury.

    **Plaintiffs:** 5 days

    **Defendants:** 5 days

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

*[The following paragraphs shall be included in the scheduling order:]*

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED: June 14th, 2021 , at Grand Junction, Colorado

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge

APPROVED:

| Ross W. Pulkrabek | James M. Meseck |
|---|---|
| *s/ Ross W. Pulkrabek* | *s/ James M. Meseck* |
| Keating Wagner Polidori Free, P.C. | White and Steele, P.C. |
| 1290 Broadway, Suite 600 | 600 17th Street, Suite 600N |
| Denver, CO 80203 | Denver, CO 80202 |
| 303.534.0401 | 303-296-2828 |
| *Attorney for Plaintiffs* | *Attorney for Defendants* |

14